UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Tingler,                                    Case No. 3:22-cv-893-JGC

        Plaintiff,
                                                    **OPINION AND ORDER**
  v.

Sheriff Stephen Levorchick,

        Defendant.

### Introduction and Background

*Pro se* plaintiff Charles Tingler has filed a civil rights complaint under 42 U.S.C. § 1983 against Ottawa County Sheriff Stephen Levorchick. (Doc. 1.)

His complaint is very brief. The only specific allegation he makes in his complaint as to Sheriff Levorchick is that while he was "in the custody of the Ottawa County Sheriff's Office," the Sheriff and others "denied [him] access to the inmate grievance procedure by not allowing [him] to file grievances." (*Id*. at 4, ¶ III. C.) Plaintiff does not allege further specific facts regarding this allegation, but with his complaint, he filed a letter signed by the Sheriff in which the Sheriff advised him that his:

> grievances and complaints will be reviewed for validity and to ensure time is not wasted on duplicate grievances. Those found to have no validity and those duplicating others will not be forwarded, nor responded to.

(Doc. 1-2.)

Plaintiff contends the restriction the Sheriff imposed on him violated his First

Amendment right to petition for redress of grievances, and he seeks damages and other relief. (*See* Doc. 1 at 3, ¶II. B; at 5, ¶V.)

Plaintiff did not pay the filing fee, but instead filed a motion to proceed *in forma pauperis*. (Doc. 2.) That motion is granted.

Plaintiff also filed two motions to amend his complaint. (Docs. 3 and 5.)

In his first motion, he seeks leave to amend his complaint to clarify that he sues the Sheriff in his individual capacity. In his second motion, he states that he seeks to leave to amend to contest "anticipated arguments" by the defendant on the merits of his claim, including asserting that "placing a restriction on [his] right to file a grievance is, in effect, retaliation." (Doc. 5-1 at 1-2.)

Plaintiff's motion to amend are both denied. Fed. R. Civ. P. 15(a) provides that a party may amend his pleading once as a matter of course within "21 days after serving it," and plaintiff's complaint has not yet been served. Therefore, plaintiff's first motion for leave to amend is denied as the court's leave is not required for plaintiff to make the amendment he seeks. His complaint will be construed as against Sheriff Levorchick in his individual capacity.

Plaintiff's second motion to amend is denied because it is futile. The motion does not contain further factual enhancement or correct deficiencies in his original complaint, which, for the reasons stated below, fails to state a plausible First Amendment claim upon which he may be granted relief. *See Stephens v. Daimler Chrysler Corp.*, 52 Fed. Appx. 817, 818 (6th Cir. 2002) (stating that a "[m]otion to amend a complaint should be denied if the amendment would be futile" and holding that a motion to amend was properly denied "because it contained nothing to support [plaintiff's] claim").

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies in determining whether a complaint states a claim for purposes of § 1915(e)(2)(B)). Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).

Plaintiff's complaint fails to state a plausible First Amendment claim upon which he may be granted relief.

Prisoners have a right under the First Amendment to file non-frivolous grievances against prison officials, but plaintiff has not alleged facts – in his complaint or his motions – supporting a plausible inference that Sheriff Levorchick denied him the right to file a non-frivolous prison grievance. Rather, plaintiff's allegations at the most suggest that the Sheriff imposed a modified prison grievance process on him whereby his grievances were initially screened to determine

their viability and whether they were duplicative. The Sixth Circuit has repeatedly held that such modified grievance procedures imposed on prisoners do not violate their First Amendment to seek redress of grievances. *Walker v. Michigan Dept. of Corrections*, 128 Fed. Appx. 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 Fed. Appx. 469, 470-71 (6th Cir. 2001) (affirming *sua sponte* dismissals).

As the Sixth Circuit has reasoned, "the fact that [a prisoner's] grievances must first be screened by a grievance officer prior to their consideration in the normal grievance process does not mean that [the prisoner] is unable to file non-frivolous grievances, nor that they will not be properly heard." *Walker*, 128 Fed. Appx. at 446. "[M]odified access does not deny a . . . prisoner the right or ability to seek redress for meritorious grievances. Rather, it merely requires the prisoner to obtain permission from the grievance coordinator to file a grievance." *Kennedy*, 20 Fed. Appx. at 470.

Further, plaintiff's complaint fails to state a plausible claim to the extent he purports to allege a claim of retaliation in connection with the grievance process the Sheriff imposed on him. The Sixth Circuit has also repeatedly held that a prisoner's placement on modified access to the prison grievance process does not constitute an adverse action for purposes of a retaliation claim. *Walker*, 128 Fed. Appx. at 446 ("[i]n order to constitute an adverse action, the prison officials' actions must have deterred a person of ordinary firmness from engaging in the filing of non-frivolous grievance," and "an ordinary person of reasonable firmness would not be deterred from filing non-frivolous grievances merely because he or she had been placed on modified status"); *Kennedy*, 20 Fed. Appx. at 471 ("Kennedy failed to state a retaliation claim because no adverse action that would deter a person of ordinary firmness from continuing to engage in that

conduct was taken against him.") (internal quotation omitted).

## Conclusion

For the foregoing reasons, plaintiff's complaint fails to state a plausible First Amendment claim upon which he may be granted relief, and it is therefore ORDERED that:

1. The complaint (Doc. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. The Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/James G. Carr

Sr. U.S. District Judge